UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**PAGE DAVID PENK**,            )
                                )
    Plaintiff,        )
                                )
v.                              )   Civil Action No. 20-cv-378 (UNA)
                                )
                                )
**GOVERNOR OF COLORADO** *et al.*, )
                                )
    Defendants.       )

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has submitted an application to proceed *in forma pauperis* and an "Emergency Complaint of Civil Rights Violation Under Color of Authority 42 U.S.C. § 1983," ECF No. 1. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a resident of Trinidad, Colorado. He purports to sue the Governor of Colorado and the Director of a Colorado agency. *See* Compl. Caption. States and their officers are generally immune from suit in federal court, unless immunity is waived.[1] Plaintiff's wide-ranging allegations do not establish any such waiver of immunity. *See Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008) ("[T]he party claiming subject matter jurisdiction . . . has the burden to demonstrate that it exists.") (citation omitted)). And the D.C. Circuit "has held that

---

[1] The Eleventh Amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is long established that this immunity applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

section 1983 does not abrogate state sovereign immunity[.]" *Ali v. District of Columbia*, 278 F.3d 1, 6 (D.C. Cir. 2002) (citation omitted). Therefore, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: March 30, 2020                              TREVOR N. McFADDEN, U.S.D.J.